# EXHIBIT A

Agreement 1

### Confidentiality and Non-Compete Agreement

This Confidentiality and Non-Compete Agreement (the "Agreement") is entered into between IKON Office Solutions, Inc., (the "Company"), having a principal place of business at 70 Valley Stream Parkway, Malvern, Pennsylvania 19355, and Martha Southerland ("Employee"), having a principal residence at 1832 Edinburg; Prattville, Alabama 36066.

#### Background Statement

The Company is engaged in the business of selling, servicing, renting and leasing copier equipment, facsimiles, micrographic equipment, computers, offset printers, laser printers, digital printers and/or other related office products and services, facilities management and state-of-the-art copying and/or scanning operations, outsourcing, print on demand, imaging, printed mail, network consulting and training, systems integration and software development, telephony, and cabling businesses, and office networking and/or systems solution businesses, the ongoing development and implementation of additional business segments providing outsourcing and networking sales and services, and the growth through acquisitions of entities engaged in any or all of the aforementioned businesses ("Company's Business").

Employee desires to be employed by the Company. The Company desires to employ Employee, provided that as an express condition of such employment Employee enters into this Agreement with the Company.

The parties agree that this Agreement is supported by valuable consideration, that mutual promises and obligations have been undertaken by the parties to it, and that the agreement is entered into voluntarily by the parties.

#### Statement of Agreement

1. *Duties.* Employee shall devote Employee's full-time and best efforts to the business of the Company. Employee shall perform such duties and responsibilities, as may be determined and assigned by the Company from time to time.

2. *Termination—At-Will Employment.* Nothing contained in this Agreement is intended to alter the employment at-will relationship between Employee and the Company. The Company shall have the right to terminate Employee for any reason (not prohibited by law), at any time, with or without notice.

3. *Consideration.* In consideration of Employee's employment with the Company, the Company's disclosure of trade secrets and confidential information to Employee, and the Company's provision of compensation and benefits to Employee, Employee agrees to be bound by the terms and conditions of this Agreement.

4. *Employee Representation/Warranty.* Employee represents that Employee is not a party to any agreement with a third party, or limited by a court order, containing a non-competition provision or other restriction which would preclude Employee's employment with the Company or any of the services which Employee will provide on the Company's behalf. Employee further represents that Employee either does not have or shall not use confidential, proprietary, or trade-secret information of a former employer, not affiliated with the Company, in the performance of Employee's job duties.

5. *Duty of Loyalty.* Employee acknowledges the common law duties of reasonable care, loyalty, and honesty which arise out of the principal/agent relationship of the parties, and agrees to abide by them.

6. *Company Documents.* Employee agrees and acknowledges that Employee holds as the Company's property all memoranda, books, papers, letters, and other data, including duplicates, relating to the Company's business and affairs ("Company Documents"). This includes Company Documents created or used by Employee or otherwise coming into Employee's possession in connection with the performance of Employee's job duties. All Company Documents in the possession, custody, or control of Employee shall be returned to the Company at the time of termination of employment.

Initials _MS_

**Agreement 1**

**Confidential Information and Non-Competition**

7   In exchange for the mutual promises and obligations contained in this Agreement, and contemporaneous with its execution, Employer agrees to allow Employee to acquire, be exposed to, and/or have access to material, data, and information of the Company and/or its customers or clients that is confidential, proprietary and/or a trade secret ("Confidential Information"). At all times, both during and after the termination of employment, the Employee shall keep and retain in confidence and shall not disclose, except as required in the course of the employee's employment with the Company, to any person, or as may be required by law, firm or corporation, or use for the Employee's own purposes, any Confidential Information. For the purposes of this paragraph, such information shall include, but is not limited to:

   a.   The Company's standard operating procedures, processes, formulae, know-how, scientific, technical, or product information, whether patentable or not, which is of value to the Company and not generally known by the Company's competitors;

   b.   All confidential information obtained from third parties and customers concerning their products, business, or equipment specifications;

   c.   Confidential business information of the Company, including, but not limited to, marketing and business plans, strategies, projections, business opportunities, client identities or lists, sales and cost information, internal financial statements or reports, profit, loss, or margin information, customer price information; and,

   d.   Other information designated by the Company or deemed by law to be Confidential Information.

8.   Non-Competition. In consideration of the mutual promises contained in this Agreement, the sufficiency of which is acknowledged by the parties, Employee agrees that during the term of his/her employment and for a period of eighteen (18) calendar months after termination of employment from the Company (whether voluntary or involuntary), Employee will not, directly or indirectly, either as principal, agent, manager, employee, partner, director, officer, consultant or shareholder (except for investments of no greater than 5% of the total outstanding shares in any publicly traded company), on his/her behalf or on behalf of any other entity:

   a.   Become associated or affiliated with, employed by, or financially interested in any business operation which engages in competition with the Company's Business, as defined herein.

   b.   Make any effort, directly or indirectly, to solicit, encourage, or induce any customer or prospective customer of the Company to obtain business and/or services from any entity (other than the Company) which is engaged in any activity competitive with the Company's Business;

   c.   Cause or attempt to cause any present or prospective customer of the Company to reduce its business with the Company; or,

The parties intend the above restrictions on competition to be completely severable and independent, and any invalidity or unenforceability of any one or more of such restrictions shall not render invalid or unenforceable any one or more restrictions.

9.   *Limitations on Scope.* In recognition of the broad geographic scope of the Company's business and the ease of competing with the Company in any part of the United States, the restrictions on competition set forth in paragraph 8 are intended to cover the following geographic areas:

Any area assigned to Employee or under Employee's management, control and/or responsibility during the two (2) year period immediately preceding the termination of Employee's employment.

Initials

Agreement 1

The parties intend the above geographical areas to be completely severable and independent, and any invalidity or unenforceability of this Agreement with respect to any one area shall not render this Agreement unenforceable as applied to any one or more of the other areas.

10. *Non-Solicitation of Employees.* During employment and for a period of twenty-four (24) calendar months after termination, Employee agrees not to solicit, entice, or encourage any employee of the Company to leave the Company and further agrees not to hire or employ (or cause and/or assist, whether directly or indirectly, any third party to hire or employ) any such employee.

11. *Third-party Proprietary Information.* Employee shall observe all statutes, and all rules and regulations of any United States Government agency, and all contractual and fiduciary obligations of IKON or any third parties doing business with IKON (including IKON's customers, suppliers, agents, representatives, consultants, licensors or licensees ("IKON Third Parties"), relating to: (a) the confidentiality of any classified information which may be disclosed or entrusted to Employee in connection with any contract between IKON or any of the IKON Third Parties and the United States of America or any agency or dependency thereof or any United States government contractor or subcontractor and/or (b) any trade secrets or proprietary or confidential information of any of the IKON Third parties.

12. *Work Product; Patents, Copy rights and Trade Secrets. Any and all writings including, but not limited to, notes drawings, specifications, schematics, marketing plans, financial plans, and studies and reports prepared, compiled or acquired by Employee relating to any aspect of IKON's business, plans, products, software or proposals, including any such involving IKON Third Parties (in whatever medium, collectively, the "Work Product") are and shall remain the exclusive property of IKON. Employee shall take every reasonable step to maintain the security and integrity of all of the foregoing. Employee shall, without additional compensation to him/her, disclose and assign to IKON any and all material of a proprietary nature, particularly including, but not limited to, material subject to protection as trade secrets or as patentable ideas or designs or copyrightable works which he/she has conceived, invented, discovered authorized and/or may conceive, invent, discover or author during the course of his/her employment with IKON. Any work of authorship generated by Employee in the course of his/her employment by IKON, whether alone, or jointly with others, shall be a "work made for hire" to the full extent permitted by law. In addition to the foregoing, upon IKON's request, either during or at any time after the termination of Employee's employment with IKON, Employee shall execute and deliver all papers, including, but not limited to, applications for patents and assignments of rights (including those for copyrights), and do such other acts (entirely at IKON's expense) as may be necessary for IKON to obtain and maintain proprietary rights in any and all countries and to vest title thereto in IKON.*

**Remedies for Breach**

13. *Company's Right to Obtain an Injunction.* Employee acknowledges that the Company will have no adequate means of protecting its rights under Paragraphs 7, 8, 9, and 10 of this Agreement other than by securing an injunction (a court order prohibiting Employee from violating the Agreement). Accordingly, Employee agrees that the Company is entitled to enforce this Agreement by obtaining a temporary, preliminary, and/or permanent injunction and any other appropriate equitable relief. If a dispute arises under this Agreement, Employee shall have a duty to notify immediately the Company of the name, address, and telephone number of Employee's legal counsel. In the event Employee fails to provide this information, Employee agrees that the Company may seek a temporary restraining order to enforce the provisions of this Agreement on an ex parte basis. Employee acknowledges that the Company's recovery of damages will not be an adequate means to redress a breach of this Agreement. Nothing contained in this paragraph, however, shall prohibit the Company from pursuing any remedies in addition to injunctive relief, including recovery of damages.

Initials

Non-compete-Martha Southerland

3

Agreement 1

## General Provisions

14. *Condition to Seeking Subsequent Employment.* Employee agrees to show a copy of this Agreement to any Competitor with whom Employee interviews during the Employee's employment with the Company or with whom the Employee interviews within twenty-four (24) calendar months following the effective date of the termination of the Employee's employment with the Company.

15. *Attorneys' Fees.*

    (a) If the Company seeks a restraining order, an injunction or any other form of equitable relief, and recovers any such relief, Employee shall reimburse the Company for its reasonable attorneys' fees, court costs, and other costs incurred obtaining that relief (even if other relief is denied). The parties agree that this is reasonable.

    (b) If the Company shall obtain a final judgment of a court of competent jurisdiction, subject to no further appeal, pursuant to which Employee shall be determined to have breached his/her obligations under this Agreement or made any misrepresentations, the Company shall be entitled to recover, in addition to any award of damages, reasonable attorneys' fees, costs, and expenses incurred by the Company when obtaining such judgment. Any relief awarded under this subparagraph (b) shall be in addition to any other relief awarded under subparagraph (a).

16. *Successors and Assigns.* This Agreement shall be binding upon and inure to the benefit of the Company, its subsidiaries, affiliates, successors, and assigns.

17. *Nonwaiver.* Any waiver by the Company of a breach of any provision of this Agreement must be in writing and signed by the Company to be effective. Any waiver by the Company of a breach of any provision of this Agreement shall not operate or be construed as a waiver by the Company of any different or subsequent breach of this Agreement by Employee.

18. *Applicable Law.* This Agreement shall be construed in accordance with and governed by the laws of the state of Alabama, without giving effect to the conflict of laws provisions thereof.

19. *Forum Selection Clause.* Any and all causes of action for equitable relief relating to the enforcement of this Agreement may, in the Company's sole discretion, be brought in the United States District Court for the Eastern District of Pennsylvania or in the Court of Common Pleas of Chester County, Pennsylvania. The parties agree that the provisions of this paragraph benefit both the Company and Employee. Any and all causes of action by and between the Company and Employee can be quickly and efficiently resolved in a previously agreed upon forum which will not unduly burden either the Company and Employee, and which will substantially aid the Company and Employee in providing the opportunity for uniform treatment with respect to any issues relating to the covenants contained in this Agreement.

20. *Effect on Other Agreements.* This Agreement and the prohibitions contained herein shall supplement, and be in addition to, any other prior or subsequent agreement with respect to the subject matter hereof. This Agreement may not be changed except in writing signed by the Company and the party against whom enforcement of the Agreement, as so changed, may be sought.

21. *Severability.* The invalidity of any term or provision of this Agreement, including any term or provision of paragraphs 7, 8, 9, 10, 11, and 12, shall not invalidate or otherwise affect any other term or provision of this Agreement.

22. *Tolling.* Employee understands and agrees that in the event of any breach of his/her obligations under paragraphs 7, 8, 9 or 10 of this Agreement, the period of restraint applicable to such obligations shall be automatically tolled for the amount of time the violation continues.

Initials _____

Agreement 1

IKON OFFICE SOLUTIONS INC.

By: *Janet Whitney*
Name: Janet Whitney
Title: HR Genl't
Date: 2/5/02

EMPLOYEE
*Martha Southerland*
Name: MARtha SouthERLANN
Date: 02/04/2004

Initials

Non-compete-Martha Southerland

5