## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

IKON OFFICE SOLUTIONS, INC. *

     PLAINTIFF,              *

VS.                       *      CIVIL ACTION NO. 2:05CV959-D

MARTHA SOUTHERLAND AND  *
ABS BUSINESS SYSTEMS, INC.  *

     DEFENDANTS.        *

## ANSWER TO COMPLAINT FOR DAMAGES

COMES NOW, though undersigned counsel, Martha Southerland, (hereinafter "Southerland") made Defendant herein in the above-entitled and numbered cause, who respectfully denies each and every allegation contained in Plaintiff Ikon Business Solutions, Inc.'s (hereinafter "Ikon") Complaint, except those allegations which may be admitted hereinafter.

Now, further answering the Plaintiff's Complaint, Defendant respectfully states:

1. The Defendant lacks sufficient information to form a belief as to the truth of the allegation contained in Paragraph One of the Plaintiff's Complaint.

2. The Defendant admits the material allegations set forth in Paragraph Four of the Plaintiff's Complaint; however, Southerland states she was an

independent contractor of the Plaintiff.

3.     The Defendant lacks sufficient information to form a belief as to the truth of the allegation contained in Paragraph Three of the Plaintiff's Complaint, however, does admit that she is currently employed with ABS.

4.     The Defendant lacks sufficient information to form a belief as to the truth of the allegation contained in Paragraph One of the Plaintiff's Complaint.

5.     The Defendant lacks sufficient information to form a belief as to the truth of the allegation contained in Paragraph Five of the Plaintiff's Complaint.

6.     The Defendant lacks sufficient information to form a belief as to the truth of the allegation contained in Paragraph Six of the Plaintiff's Complaint.

7.     The Defendant lacks sufficient information to form a belief as to the truth of the allegation contained in Paragraph Seven of the Plaintiff's Complaint; however, Southerland admits she commenced employment with IKON in 2002.

8.     The Defendant lacks sufficient information to form a belief as to the truth of the allegation contained in Paragraph Eight of the Plaintiff's Complaint.

9.     The Defendant lacks sufficient information to form a belief as to the truth of the allegation contained in Paragraph  Nine of the Plaintiff's Complaint; however, Southerland denies she was a sales representative and states she was an independent contractor of the Plaintiff.

10.     The Defendant denies the material allegations set forth in Paragraph Ten

of the Plaintiff's Complaint.

11.    The Defendant denies the material allegations set forth in Paragraph Eleven of the Plaintiff's Complaint.

12.    The Defendant denies the material allegations set forth in Paragraph Twelve of the Plaintiff's Complaint.

13.    The Defendant denies the material allegations contained in Paragraph Thirteen of the Plaintiff's Complaint.

14.    The Defendant denies the material allegations contained in Paragraph Fourteen of the Plaintiff's Complaint.

15.    The Defendant denies the material allegations contained in Paragraph Fifteen of the Plaintiff's Complaint.

16.    The Defendant denies the material allegations set forth in Paragraph Sixteen of the Plaintiff's Complaint.

17.    The Defendant lacks sufficient information to form a belief as to the truth of the allegation contained in Paragraph Seventeen of the Plaintiff's Complaint.

18.    The Defendant lacks sufficient information to form a belief as to the truth of the allegation contained in Paragraph Eighteen of the Plaintiff's Complaint; however, Southerland admits she was assigned to the Montgomery area sales territory in the capacity of independent contractor.

19.    The Defendant lacks sufficient information to form a belief as to the

truth of the allegation contained in Paragraph Nineteen of the Plaintiff's Complaint and states that she was an independent contractor.

20.     The Defendant denies the material allegations contained in Paragraph Twenty of the Plaintiff's Complaint.

21.     The Defendant denies the material allegations contained in Paragraph Twenty One of the Plaintiff's Complaint.

22.     The Defendant lacks sufficient information to form a belief as to the truth of the allegation contained in Paragraph Twenty Two of the Plaintiff's Complaint.

23.     The Defendant lacks sufficient information to form a belief as to the truth of the allegation contained in Paragraph Twenty Three of the Plaintiff's Complaint.

24.     The Defendant lacks sufficient information to form a belief as to the truth of the allegation contained in Paragraph Twenty Four of the Plaintiff's Complaint.

25.     The Defendant lacks sufficient information to form a belief as to the truth of the allegation contained in Paragraph Twenty Five of the Plaintiff's Complaint.

26.     The Defendant lacks sufficient information to form a belief as to the truth of the allegation contained in Paragraph Twenty Six of the Plaintiff's

Complaint.

27.     The Defendant lacks sufficient information to form a belief as to the truth of the allegation contained in Paragraph Twenty Seven of the Plaintiff's Complaint.

28.     The Defendant lacks sufficient information to form a belief as to the truth of the allegation contained in Paragraph Twenty Eight of the Plaintiff's Complaint.

29.     The Defendant lacks sufficient information to form a belief as to the truth of the allegation contained in Paragraph Twenty Nine of the Plaintiff's Complaint.

30.     The Defendant lacks sufficient information to form a belief as to the truth of the allegation contained in Paragraph Thirty of the Plaintiff's Complaint.

31.     The Defendant lacks sufficient information to form a belief as to the truth of the allegation contained in Paragraph Thirty One of the Plaintiff's Complaint; however, Southerland admits she resigned from her employment with IKON sometime between March and May of 2005.

32.     The Defendant lacks sufficient information to form a belief as to the truth of the allegation contained in Paragraph Thirty Two of the Plaintiff's Complaint; however, Southerland admits she commenced employment with ABS in May of 2005.

33.     The Defendant admits that she received a copy of the contract but denies

the remaining material allegations set forth in Paragraph Thirty Three of the Plaintiff's Complaint.

34.     The Defendant denies the material allegations set forth in Paragraph Thirty Four of the Plaintiff's Complaint.

35.     The Defendant denies the material allegations set forth in Paragraph Thirty Five of the Plaintiff's Complaint.

36.     The Defendant denies the material allegations set forth in Paragraph Thirty Six of the Plaintiff's Complaint.

37.     The Defendant denies the material allegations contained in Paragraph Thirty Seven of the Plaintiff's Complaint.

38.     The Defendant denies the material allegations set forth in Paragraph Thirty Eight of the Plaintiff's Complaint.

39.     The Defendant denies the material allegations set forth in Paragraph Thirty Nine of the Plaintiff's Complaint.

40.     The Defendant denies the material allegations set forth in Paragraph Forty of the Plaintiff's Complaint.

41.     The Defendant denies the material allegations set forth in Paragraph Forty One of the Plaintiff's Complaint.

42.     The Defendant denies the material allegations set forth in Paragraph Forty Two of the Plaintiff's Complaint.

43.    The Defendant denies the material allegations set forth in Paragraph Forty Three of the Plaintiff's Complaint.

44.    The Defendant denies the material allegations set forth in Paragraph Forty Four of the Plaintiff's Complaint.

45.    The Defendant denies the material allegations set forth in Paragraph Forty Five of the Plaintiff's Complaint.

46.    The Defendant denies the material allegations set forth in Paragraph Forty Six of the Plaintiff's Complaint.

47.    The Defendant denies all of the material allegations set forth in Paragraph Forty Seven of the Plaintiff's Complaint including sub-paragraphs A through E.

48.    The Defendant asserts each of the responses heretofore set forth in Paragraphs One through Forty Seven and each are incorporated by reference herein with the same force and full effect in response to Paragraph Forty Eight of Plaintiff's Complaint.

49.    The Defendant denies the material allegations set forth in Paragraph Forty Nine of the Plaintiff's Complaint.

50.    The Defendant denies the material allegations set forth in Paragraph Fifty of the Plaintiff's Complaint.

51.    The Defendant denies the material allegations set forth in Paragraph

Fifty One of the Plaintiff's Complaint.

52.    The Defendant denies the material allegations set forth in Paragraph Fifty Two of the Plaintiff's Complaint.

53.    The Defendant denies the material allegations contained in Paragraph Fifty Three of the Plaintiff's Complaint.

54.    The Defendant denies the material allegations contained in Paragraph Fifty Four of the Plaintiff's Complaint.

55.    The Defendant denies the material allegations contained in Paragraph Fifty Five of the Plaintiff's Complaint.

56.    The Defendant denies the material allegations set forth in Paragraph Fifty Six of the Plaintiff's Complaint.

57.    The Defendant denies the material allegations set forth in Paragraph Fifty Seven of the Plaintiff's Complaint.

58.    The Defendant denies the material allegations set forth in Paragraph Fifty Eight of the Plaintiff's Complaint.

59.    The Defendant denies the material allegations set forth in Paragraph Fifty Nine of the Plaintiff's Complaint.

60.    The Defendant denies the material allegations set forth in Paragraph Sixty of the Plaintiff's Complaint.

61.    The Defendant denies the material allegations set forth in Paragraph

Sixty One of the Plaintiff's Complaint.

62.     The Defendant denies the material allegations set forth in Paragraph Sixty Two of the Plaintiff's Complaint.

63.     The Defendant denies the material allegations set forth in Paragraph Sixty Three of the Plaintiff's Complaint.

64.     The Defendant denies the material allegations set forth in Paragraph Sixty Four of the Plaintiff's Complaint.

65.     The Defendant denies the material allegations set forth in Paragraph Sixty Five of the Plaintiff's Complaint.

66.     The Defendant denies the material allegations set forth in Paragraph Sixty Six of the Plaintiff's Complaint.

67.     The Defendant denies the material allegations set forth in Paragraph Sixty Seven of the Plaintiff's Complaint.

68.     The Defendant denies the material allegations set forth in Paragraph Sixty Eight of the Plaintiff's Complaint.

69.     The Defendant denies the material allegations set forth in Paragraph Sixty Nine of the Plaintiff's Complaint.

70.     The Defendant denies the material allegations set forth in Paragraph Seventy of the Plaintiff's Complaint.

71.     The Defendant denies the material allegations set forth in Paragraph

Seventy One of the Plaintiff's Complaint.

72.    The Defendant denies the material allegations set forth in Paragraph Seventy Two of the Plaintiff's Complaint.

73.    The Defendant denies the material allegations set forth in Paragraph Seventy Three of the Plaintiff's Complaint.

74.    The Defendant denies the material allegations set forth in Paragraph Seventy Four of the Plaintiff's Complaint.

75.    The Defendant denies the material allegations set forth in Paragraph Seventy Five of the Plaintiff's Complaint.

76.    The Defendant denies the material allegations set forth in Paragraph Seventy Six of the Plaintiff's Complaint.

### FIRST DEFENSE

Defendant pleads not guilty.

### SECOND DEFENSE

The Plaintiff seeks to enforce a contract which violates public policy.

### THIRD DEFENSE

The Plaintiff seeks to enforce a contract which lacks mutuality.

### FOURTH DEFENSE

The Plaintiff seeks to enforce an agreement that is a general restraint of trade in violation of law and is therefore void.

## FIFTH DEFENSE

The Plaintiff seeks to enforce an agreement that by its terms is overly broad.

## SIXTH DEFENSE

The Defendant pleads breach of contract.

## SEVENTH DEFENSE

The Defendant pleads unclean hands.

## EIGHTH DEFENSE

The Defendant pleads laches.

## NINTH DEFENSE

The Defendant pleads justification.

## TENTH DEFENSE

The Defendant pleads statute of limitations.

## ELEVENTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## TWELFTH DEFENSE

The Defendant pleads justification and a legitimate economic motive and/or bona fide business competition.

## THIRTEENTH DEFENSE

The Defendant pleads that the information alleged as trade secrets is generally known in the trade or business.

**FOURTEENTH DEFENSE**

The Defendant pleads the information is readily ascertained or derived from publicly available information.

**FIFTEENTH DEFENSE**

The Plaintiff failed to take reasonable efforts under the circumstances to maintain secrecy.

**SIXTEENTH DEFENSE**

The Defendant pleads the affirmative defense of failure to mitigate damages and any and all matters which may constitute an affirmative defense.

**SEVENTEENTH DEFENSE**

The Defendant pleads statute of fraud.

**EIGHTEENTH DEFENSE**

The enforcement of the restriction would work an "undue hardship" on Defendant.

**NINETEENTH DEFENSE**

The Defendant pleads equity.

**TWENTIETH DEFENSE**

The Defendant pleads equitable estoppel.

**TWENTY-FIRST DEFENSE**

The Plaintiff has not suffered irreparable injury.

### TWENTY-SECOND DEFENSE

The Defendant reserves its right to assert additional defenses.

### TWENTY-THIRD  DEFENSE

The Plaintiff lacks capacity to assert the claims alleged in its Complaint.

### TWENTY-FOURTH DEFENSE

The Defendant pleads Section 8-1-1 of the Code of Alabama and the public policy of this state against non-compete agreements.

### TWENTY-FIFTH DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the State of Alabama.

### TWENTY-SIXTH DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

### TWENTY-SEVENTH DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not

based upon any objective standards, is in fact, standardless, and is not rationally related to legitimate government interests.

## TWENTY-EIGHTH DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law does not bear any reasonable relationship to the amount of actual and/or compensatory damages suffered or awarded to the Plaintiff.

## TWENTY-NINTH DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards accorded to criminal Defendant.

## THIRTIETH DEFENSE

It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

### THIRTY-FIRST DEFENSE

Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, and Article I, Section 6 of the Constitution of Alabama on the following grounds:

(a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the Plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United

States Constitution;

(e)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

## THIRTY-SECOND DEFENSE

Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

(a)     It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil Defendant upon the Plaintiffs satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this Defendant;

(c)     The procedures pursuant to which punitive damages are awarded are

unconstitutionally vague and not rationally related to legitimate government interests;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(e)     The award of the punitive damages in this case constitutes a deprivation of property without due process of law.

(f)     It is a violation of the Due Process Clause to impose punitive damages against the Defendant, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

### THIRTY-THIRD DEFENSE

The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### THIRTY-FOURTH DEFENSE

The agreement sought to be enforced by Plaintiff is overly broad in geography, duration, scope, and subject matter and is unreasonably restrictive.

### THIRTY-FIFTH DEFENSE

The Complaint fails to state a claim for punitive damages under Alabama Code § 6-11-20 to § 6-11-30 (1975) and is barred.

### THIRTY-SIXTH DEFENSE

Defendant avers that any award of punitive damages to plaintiff in this cause

would be violative of the constitutional safeguards provided to the defendant under the Constitution of the State of Alabama and the Constitution of the United States.

### THIRTY-SEVENTH DEFENSE

Defendant avers that any award of punitive damages to plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

### THIRTY-EIGHTH DEFENSE

It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against the defendant punitive damages, which are penal in nature, yet compel the defendant to disclose potentially incriminating documents and evidence.

### THIRTY-NINTH DEFENSE

Defendant avers that under the facts of this case, any actions for which it is charged are not sufficiently reprehensible to justify significant sanctions in addition to compensatory damages.

### FORTIETH DEFENSE

Defendant avers that the lack of standards under Alabama law for the award of punitive damages violates the United States Constitution because under Alabama law

no guidance is provided to a jury to determine what constitutes a reasonable relationship between the harm suffered and the amount of punitive damages which may be awarded. Moreover, Alabama law fails to provide any legal standards to safeguard an individual's or entity's constitutional rights and to prevent the unjust or arbitrary imposition of punitive damages by reasonably and rationally constraining the unlimited, unbridled discretion of the jury to consider and award punitive damages. BMW v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996) 1996 WL 262429 (May 20, 1996).

### FORTY-FIRST DEFENSE

Defendant avers that the imposition of punitive damages under current Alabama law violates the United States Constitution and the Constitution of the State of Alabama because there are no legislative enactments or common law limitations to provide constraining legal standards to guide juries in their deliberations with regard to the award of punitive damages.

### FORTY-SECOND DEFENSE

Defendant affirmatively pleads the protections afforded it pursuant to §6-11-21, Ala. Code.

### FORTY-THIRD DEFENSE

Defendant avers that the complaint fails to state a claim for punitive damages under §§ 6-11-20 to 6-11-30, Ala. Code and is barred.

## FORTY-FOURTH DEFENSE

Defendant pleads independent contractor as a defense.

## FORTY-FIFTH DEFENSE

Defendant avers that any award of punitive damages against this defendant in excess of the statutory caps originally set forth in § 6-11-21, Ala. Code, and/or as now amended, is barred.


WHEREFORE, the Defendant denies the Plaintiff is entitled to preliminary or permanent injunctive relief, and Plaintiff is not entitled to exemplary damages or any other type damages, costs, or attorneys fees.


DEFENDANT HEREBY REQUESTS A TRIAL BY JURY.


Respectfully submitted,


s/ Roderick K. Nelson
RODERICK K. NELSON (ASB-8004-N69R)
JARROD B. BAZEMORE (ASB-0127-E64J)
LESLIE E. MCFALL (ASB–8186-L75L)
ATTORNEY FOR DEFENDANT, ABS Business Systems, Inc.

OF COUNSEL:

SPAIN & GILLON, L.L.C.
2117 2nd Avenue North
Birmingham, AL  35203
Phone: (205) 328-4100
Fax: (205) 324-8866
rkn@spain-gillon.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Answer has been served upon the following, postage prepaid and properly addressed, this the 1st day of December, 2005:

Lee H. Zell
BALCH & BINGHAM LLP
1710 6th Avenue North
Birmingham, AL 35203
(205) 251-8100 - telephone
(205) 226-8798 - facsimile

Thomas T. Loder
James W. Hess
DUANE, MORRIS, LLP
One Liberty Place
Philadelphia, PA 19103-7396
(215) 979-1246 - telephone