# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| IKON OFFICE SOLUTIONS, INC., | |
| Plaintiff, | CIVIL ACTION |
| v. | NO. 2:05-CV-959-T |
| MARTHA SOUTHERLAND and ABS BUSINESS SYSTEMS, INC., | JURY TRIAL DEMANDED |
| Defendants. | |

## JOINT PROPOSED DISCOVERY PLAN

Plaintiff IKON Office Solutions, Inc. ("IKON" or "Plaintiff") and Defendants Martha Southerland and ABS Business Systems, Inc. (collectively "Defendants") hereby jointly propose the following discovery plan, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order of December 1, 2005:

**1.     Rule 26(f) Conference.** Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on December 15, 2005 via teleconference. Shannon Hampton Sutherland of Duane Morris LLP particpated on behalf of IKON. Roderick K. Nelson and Leslie M. Handof Spain & Gillon, L.L.C. participated on behalf of Defendants.

**2.     Pre-discovery Disclosures.** IKON submitted the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure to Defendants on or about December 15, 2005. Defendants will submit the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure to IKON by **December 23, 2005**

**3.     Discovery Plan.** The Parties jointly propose the following disovery plan:

Discovery will be needed on the following subjects:

(a)     all matters set forth in the Complaint, Answers, and Affirmative Defenses;

(b) during her employment with IKON, Defendant Southerland's duties; account coverage; assigned accounts; sales activities, employee obligations; access to records; confidentiality procedures and knowledge; employee compensation, status, and benefits;

(c) post- her IKON employment, Defendant Southerland's employment duties; account coverage; assigned accounts; sales activities; contact with customers; sales and transactions; interaction with ABS Business Sytems, Inc.'s management and employees; compensation; gross revenue production; personnel file; use and/or disclosure and/or possession of documents and/or information concerning IKON's business and/or customers; the role of Defendants and others in determining and complying with Southerland's contractual, trade secret, and common law obligations;

(d) damages;

(e) training, compensation, use and enjoyment of facilities, sales, technical support, sales and account-related records, product inventory, computer equipment, technology, software and systems provided by IKON to Defendant Southerland;

(f) Defendant Southerland's account assignments and responsibilities on behalf of IKON;

(g) customer accounts and contracts, including but not limited to governmental accounts and contracts, concerning which Defendant Southerland had any involvement, role, or access during her IKON

employment and the resulting profits and sales earned by IKON as a result thereof;

(h) payment of Defendant Southerland's business expenses; sales and service opportunities provided to Defendant Southerland by IKON; IKON sales personnel, benefits, operation, financial, product, bookkeeping, business expense, and servicing support provided to Defendant Southerland by IKON;

(i) secretarial staff and services; sales assistance; research; the benefit of IKON advertising, goodwill, and name recognition; use of experts and highly trained technicians in copier sales and maintenance, networking, business systems, interconnectivity solutions, electronic imaging, hardware, and software products; technology training, copier and printing systems, promotional, marketing, and sales support provided to Defendant Southerland by IKON;

(j) customer accounts, customer referrals, reassignments of former and current IKON accounts, customer leads and account assignments, new accounts generated by IKON's goodwill, promotions, and/or local marketing and advertising campaigns provided to Defendant Southerland by IKON;

(k) previous servicing by IKON of the customer accounts that were assigned to Defendant Southerland during her IKON employment; and

(l) revenues earned by IKON for customer accounts serviced by Defendant Southerland during her IKON employment from 2000-present.

The Parties reserve the right to object, including on grounds of relevancy, to any of these identified subject areas of discovery. The Parties reserve the right to supplement this proposed discovery plan at any time.

Maximum of:

    (a)    eight (8) depositions by plaintiff; and

    (b)    eight (8) depositions by defendants, collectively.

Each deposition, other than the deposition of Defendant Southerland, is limited to eight (8) hours unless extended by agreement of the Parties.

All fact discovery commenced in time to be completed by **May 15, 2006**.

Reports from retained experts under Rule 26(a)(2) due:

    (a)    from Plaintiff by **May 30, 2006**; and

    (b)    from Defendants by **June 30, 2006**.

Depositions of all experts completed by **September 15, 2006**.

Supplementations under Rule 26(e) due **September 29, 2006**.

**4.    Other Items.**

The Parties do not request a conference with the Court before entry of the scheduling order.

The Parties request a pretrial conference in **November 2006**.

The Parties should be allowed until **April 28, 2006** to join additional parties and to amend the pleadings.

All potentially dispositive motions should be filed no later **July 31, 2006**.

Settlement cannot be evaluated prior to **May 30, 2006**.

Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

    (a)    from Plaintiff by **October 16, 2006**; and

(b)     from Defendants by **October 30, 2006**.

The Parties should have twenty one (21) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

The case should be ready for trial by the **December 4, 2006 trial term**, and trial is expected, at this time, to take approximately four (4) days, in addition to *voir dire*.

Dated: December 20, 2005

Respectfully submitted,

One of the Attorneys for Plaintiff
IKON Office Solutions, Inc.

**Of Counsel:**

Lee H. Zell ASB-5869-L58L
BALCH & BINGHAM LLP
1710 6th Avenue North
Birmingham, Alabama 25203
Phone: (205) 251-8100
Telecopy: (205) 226-8798
lzell@balch.com

Thomas T. Loder
ttloder@duanemorris.com
James W. Hess
jwhess@duanemorris.com
Shannon Hampton Sutherland
shsutherland@duanemorris.com
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-7396
(215) 979-1246/1153/1104

*Attorneys for Plaintiff*
*IKON Office Solutions, Inc.*

Mr. Roderick K. Nelson
rkn@spain-gillon.com
Jarrod Braxton Bazemore
jbb@spain-gillon.com
Leslie M. Hand
lmh@spain-gillon.com
Spain & Gillon, LLC
The Zinszer Building
2117 Second Avenue North
Birmingham, AL  35203

*Attorneys for Defendants,*
*Martha Southerland and*
*ABS Business Systems, Inc.*

## Certificate of Service

I certify that on this 20th day of December, 2005, the foregoing has been served, via Electronic Filing, upon the following counsel of record:

>Mr. Roderick K. Nelson
>Mr. Jarrod Braxton Bazemore
>Ms. Leslie M. Hand
>Spain & Gillon, LLC
>The Zinszer Building
>2117 Second Avenue North
>Birmingham, AL  35203

_____
Of Counsel