IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IKON OFFICE SOLUTIONS, INC., | * | |
| | * | |
|     PLAINTIFF, | * | |
| | * | |
| vs. | * | CIVIL ACTION NO. 2:05CV959-WKW |
| | * | |
| MARTHA SOUTHERLAND and | * | |
| ABS BUSINESS SYSTEMS, INC., | * | |
| | * | |
|     DEFENDANTS. | * | |

**OPPOSITION OF PLAINTIFF IKON OFFICE SOLUTIONS, INC.
TO DEFENDANTS' MOTION FOR
<u>ENTRY OF REVISED SCHEDULING ORDER AND TO CONTINUE TRIAL DATE</u>**

Plaintiff IKON Office Solutions, Inc. ("Plaintiff" or "IKON"), by and through its undersigned counsel, Duane Morris LLP, hereby opposes Defendants' Motion for Entry of Revised Scheduling Order and to Continue Trial Date ("Defendants' Motion") because the requested revision and continuance would cause unnecessary delay, prejudice, and additional expense, as set forth below.

In short, this case has been pending since October 2005 and Plaintiff sees no reason or proper basis for the delay Defendants suggest. As an initial matter, the claims at issue in this case are relatively basic and involve the activities of *one employee* and her employer in soliciting and making disparaging comments to customers in *one sales territory*.

Moreover, the deadlines in this case have already been moved once and, as presently scheduled, provide more than sufficient time to proceed to trial at least two months hence during the trial term beginning on March 26, 2007. The parties have already exchanged documents, and depositions will proceed next week as scheduled. Further rescheduling would only result in

additional disruption and expense, especially when Plaintiff's witnesses and counsel have held open their schedules and already made arrangements to adhere to the calendar set by the Court.

Further, the notion that this case needs to be postponed by four (4) months -- to July 2007 -- somewhat strains credulity. The proper presumption in deference to the Court is for the parties to honor the deadlines set by the Court, and that both the Defendants, their counsel, and the Defendants' carrier should move quickly enough and do whatever is necessary to either fully settle the case or to fully prepare for trial without delay, and without troubling the Court.

In sum, the parties should bear any "incovenience" "caused" by the Court's scheduling order, and that burden should not be thrust back and imposed upon the Court. IKON has made a reasonable settlement demand and, within two (2) business days of receiving Defendants' discovery, documented it with evidence provided by Defendants themselves (in Defendants' own discovery) and provided a clear framework for damages. To the extent that communications with the carrier would require more time, it only reflects that the Defendants and/or the Defendants' carrier is not taking the deadlines set by the Court sufficiently seriously.[1]

Accordingly, Plaintiff respectfully suggests that Defendants have made no showing of need, necessity, or prejudice sufficient to justify the prejudice and additional expense that would result to Plaintiff and incovenience to the Court. Accordingly, Plaintiff respectfully requests that the Court deny Defendants' Motion.[2]

---

[1]   Indeed, the fact of insurance coverage and involvement of a carrier was disclosed to Plaintiff for the first time just one week ago.

[2]   To the extent that the Court is inclined to grant Defendants' Motion, in whole or in part, Plaintiff notes that Defendants' request to extend the deadline for filing dispositive motions (in Section 2 of the Proposed Revised Scheduling Order) is merely a "back-door" and after-the-fact request to extend a deadline that already lapsed on November 27, 2006 – nearly *two months before* Defendants filed their Motion for extension. Moreover, to the extent that the Court grants an extension of the deadlines set forth in Section 8 of the Proposed Revised Scheduling Order, Plaintiff requests that the extension be provided

(Continued…)

Dated:  January 25, 2007

          Respectfully submitted,

/s/ Shannon Hampton Sutherland_____
Thomas T. Loder
Shannon Hampton Sutherland
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Phone:  (215) 979-1246/1104
Fax:  (215) 979-1020
ttloder@duanemorris.com
shsutherland@duanemorris.com
*Admitted pro hac vice*

Lee H. Zell
BALCH & BINGHAM LLP
1710 6th Avenue North
Birmingham, AL 35203
Phone:  (205) 251-8100
Fax:  (205) 226-8798
lzell@balch.com

*Attorneys for Plaintiff
IKON Office Solutions, Inc.*

---

(Continued…)

    to *both* parties, rather than to Defendants alone, and that the dates regarding Plaintiff's and Defendants' expert reports be amended to March 7 and March 28, 2007, respectively.

**CERTIFICATE OF SERVICE**

I, Shannon Hampton Sutherland, hereby certify that a true and correct copy of the foregoing Opposition of Plaintiff IKON Office Solution, Inc. to Defendants' Motion for Entry of Revised Scheduling Order and to Continue Trial Date and a proposed form of Order have been served this 25th day of January, 2007, upon counsel of record as follows:

*Via ECF to:*

Roderick K. Nelson
Jarrod B. Bazemore
Leslie M. Hand
Spain & Gillon, LLC
2117 2nd Avenue North
Birmingham, AL  35203

/s/ Shannon Hampton Sutherland
Shannon Hampton Sutherland