IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IKON OFFICE SOLUTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:05cv959-WKW |
| | ) | |
| MARTHA SOUTHERLAND, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Now pending before the court is the parties' motion for an agreed upon protective and confidentiality agreement (doc. # 34).  Upon consideration of the motion and for good cause, it is

ORDERED the parties' motion for an agreed upon protective and confidentiality agreement (doc. # 34) be and is hereby GRANTED.

By agreement of the parties, IKON Office Solutions, Inc. ("IKON"), ABS Business Systems, Inc. ("ABS"), and Martha Southerland ("Southerland"), and for good cause shown based upon the claimed proprietary nature of many of the documents to be produced in this lawsuit, it is

ORDERED AS FOLLOWS:

1. When used in this Order, the word "document" means all written, recorded or graphic matter including, but not limited to, discovery responses or physical items produced by any party or non-party whether pursuant to subpoena, court order, or by agreement,

deposition transcripts and exhibits, and any portions of any filings which quote from these materials.

2. A producing party may, subject to the following terms and conditions, designate as confidential any documents (and information contained therein) that it produces by marking such documents with the legend "CONFIDENTIAL" at the time copies are produced to the receiving party. A preliminary production of documents for the purpose of inspection and designation for copying by the receiving party shall not constitute a waiver of confidentiality, however, even if those documents have not been marked CONFIDENTIAL.

3. A producing party may, subject to the following terms and conditions, designate as confidential any documents (and information contained therein) that it produces by marking such documents with the legend "CONFIDENTIAL FOR ATTORNEYS' EYES ONLY" at the time copies are produced to the receiving party. Documents and information marked or designated CONFIDENTIAL FOR ATTORNEYS' EYES ONLY must be confidential documents and/or information that, in addition to being designated and treated as confidential, is designated in good faith by a party to be of a higher level of sensitivity such that disclosure to a party is potentially or likely to be damaging to the producing party, regardless of the steps taken to protect it. CONFIDENTIAL FOR ATTORNEYS' EYES ONLY documents and/or information includes, but is not limited to, information which is so highly sensitive that its disclosure, even though subject to this Agreed Protective and Confidentiality Order, would or could reasonably impart unfair competitive advantage to the

party receiving the information.

4. Any confidential information not reduced to documentary, tangible or physical form or which cannot conveniently be designated in the manner set forth in paragraphs 2 or 3 above shall be designated as CONFIDENTIAL or CONFIDENTIAL FOR ATTORNEYS' EYES ONLY by the producing party by informing the receiving party in writing that the information is confidential.

5. Any portion of deposition testimony given in this case may be designated as CONFIDENTIAL or CONFIDENTIAL FOR ATTORNEYS' EYES ONLY by advising the reporter and all parties of such fact, or by notifying the reporter and all parties in writing within fifteen (15) days of receipt by the deponent or the deponent's counsel of the transcript of the specific pages and lines of the transcript that contain CONFIDENTIAL or CONFIDENTIAL FOR ATTORNEYS' EYES ONLY information. All deposition testimony given in this action shall be treated as confidential until expiration of this fifteen (15) day period. Deposition testimony designated CONFIDENTIAL or CONFIDENTIAL FOR ATTORNEYS' EYES ONLY shall be given with no one present except people to whom disclosure may be made pursuant to **paragraphs 8 and 9, respectively, of this Order**, the reporter, the deponent and the deponent's counsel. Any testimony designated CONFIDENTIAL or CONFIDENTIAL FOR ATTORNEYS' EYES ONLY shall be marked, used, and disclosed only as provided in this Order.

6. Neither the designation by a party of any document, information or deposition testimony as CONFIDENTIAL or CONFIDENTIAL FOR ATTORNEYS' EYES ONLY,

nor its receipt by the other party, shall constitute a concession that the document, information or deposition testimony is confidential. In the event that any party to this lawsuit objects at any point in these proceedings to the designation of any document or information as CONFIDENTIAL or CONFIDENTIAL FOR ATTORNEYS' EYES ONLY, the party shall state the grounds for the objection. The parties shall thereafter try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall notify the producing party in writing, and the producing party shall, within twenty (20) days following receipt of such notice from the objecting party, seek appropriate relief from this Court, including an order that the documents should be treated as CONFIDENTIAL or CONFIDENTIAL FOR ATTORNEYS' EYES ONLY or that specified provisions of this Order shall apply to the documents or information. Pending a court ruling, the documents must be treated as confidential or confidential for attorneys' eyes only. Thereafter, the parties shall proceed in accordance with the Court's ruling.

7.  Nothing in this Order shall prevent any party from objecting to discovery which it believes is improper.

8.  Documents designated as CONFIDENTIAL by the producing party and all information contained therein shall be kept confidential by the receiving party, shall be used solely for the prosecution and defense of this case, and shall be disclosed only to:

    (a)  the officers and employees of the parties necessary for the prosecution or defense of this action;

    (b)  attorneys and employees of the attorneys who are actively engaged in

this action;

(c) outside consultants, technical advisors and expert witnesses (whether designated as trial witnesses or not) employed or retained by the parties or counsel;

(d) any other person or entity as to whom counsel for the producer or provider of the confidential information agrees in writing, or whom the Court directs, shall have access to such information;

(e) disclosure of CONFIDENTIAL documents to people described in subparagraph 8 (c) or 8(d) of this Order shall be solely for evaluation, testing, testimony, preparation for trial or other services related to this litigation;

(f) the Court and Court personnel;

(g) Court reporters rendering services for recording or transcribing of testimony in this action, or any outside independent reproduction firm rendering reproduction services in this action.

9. Except as set forth below, under no circumstances may documents or information designated as CONFIDENTIAL FOR ATTORNEYS' EYES ONLY be disclosed to an opposing party or its agents. Documents marked CONFIDENTIAL FOR ATTORNEYS' EYES ONLY may not be distributed, shown or discussed with any persons other than those people listed in subparagraphs (b), (c), (d) and (f) in paragraph 8 above. With respect to cross-referencing customers names and/or information produced by ABS

and/or Southerland to determine which customers are or were customers of IKON and what relevant transactions have occurred with respect thereto, even if ABS or Southerland designates such customer names and/or information as CONFIDENTIAL FOR ATTORNEYS' EYES ONLY, said listings and transaction information may be shown to a single representative of IKON solely for the purposes of such cross-referencing and subject to said representative's execution of the Confidentiality Agreement attached hereto and incorporated herein as Exhibit "A." With respect to cross-referencing customers names and/or information produced by IKON to determine which customers are or were customers of ABS and what relevant transactions have occurred with respect thereto, even if IKON designates such customer names and/or information as CONFIDENTIAL FOR ATTORNEYS' EYES ONLY, said listings and transaction information may be shown to Southerland solely for the purposes of such cross-referencing and subject to Southerland's execution of the Confidentiality Agreement attached hereto and incorporated herein as Exhibit "A." Southerland, however, must not, uder any circumstances, make any copies, take any notes, or review the CONFIDENTIAL FOR ATTORNEYS' EYES ONLY documents or information anywhere but in the presence of her attorney(s), under their supervision, and in response to questions from them. Any further disputes or disclosures shall be resolved by the parties or by the Court.

10.    Disclosure of documents and information marked and/or designated CONFIDENTIAL or CONFIDENTIAL FOR ATTORNEYS' EYES ONLY, as authorized by paragraphs 8 and 9 above, shall also be limited solely for the purposes of preparing for

hearings and/or the trial of this matter before the Court. Such disclosure shall occur only after the person or party to whom the confidential documents or information is to be disclosed signs an agreement in the form attached hereto as Exhibit "A" (hereinafter "Confidentiality Agreement"). Prior to such disclosure, any and all such persons or parties shall be provided with a copy of this Agreed Protective and Confidentiality Order by counsel proposing disclosure and, prior to such disclosure, shall have signed a Confidentiality Agreement to be bound by this Agreed Protective and Confidentiality Order in the form attached hereto as Exhibit "A".

11. All documents, deposition testimony or other material subject to this Order, and all confidential information derived from that material, shall not be used, directly or indirectly, by any party for any business, commercial or competitive purpose or for any purpose whatsoever other than the preparation for hearings related to, and trial of, this action in accordance with the provisions of this Order.

12. If any papers filed with the Court contain, quote, paraphrase, compile or otherwise reveal the substance of documents or information designated as CONFIDENTIAL or CONFIDENTIAL FOR ATTORNEYS' EYES ONLY, these papers shall be filed with the Clerk of the Court in a sealed envelope prominently marked with the caption of this case, case number, a non-confidential descriptive title of the document, and with the legend "CONFIDENTIAL; FILED UNDER SEAL PURSUANT TO THE AGREED PROTECTIVE AND CONFIDENTIALITY ORDER OF [DATE] - TO BE OPENED ONLY AS DIRECTED BY THE COURT"; provided, however, that copies of any such papers,

redacted to omit any text which contains, quotes, paraphrases, compiles or otherwise reveals the substances of documents designated CONFIDENTIAL or CONFIDENTIAL FOR ATTORNEYS' EYES ONLY shall be filed with the Clerk of the Court without being filed under seal. The party desiring to file such documents or information under seal shall also file, contemporaneously with, or prior to, the filing of the documents or information requested to be sealed a motion for a sealing order with the Clerk of Court as directed by the Court. The Clerk of the Court is directed to hold confidential materials filed in this cause in a sealed envelope marked "CONFIDENTIAL" and to make any such sealed envelope available only as authorized by the Court.

13.    "Finally Resolved" as used in this paragraph means to settle or obtain a judgment that is final in all respects and not subject to appeal, further appeal or possible retrial on all claims that are asserted at any time in this action. At the time that this action is Finally Resolved, all documents and/or information marked and/or designated CONFIDENTIAL or CONFIDENTIAL FOR ATTORNEYS' EYES ONLY and all copies and reproductions of same (other than exhibits within the Court record) shall be returned to the producing party; provided however, that parties may retain copies of briefs and other papers filed with the Court, with exhibits. At the same time, all summaries, abstracts, notes, excerpts or the like which constitute, or were derived from, or were based upon, documents and/or information marked and/or designated CONFIDENTIAL or CONFIDENTIAL FOR ATTORNEYS' EYES ONLY shall be returned or maintained by counsel in their own closed and secure file to which only counsel has access and control. At such time, the party's

counsel retaining all such documents and/or information marked and/or designated CONFIDENTIAL or CONFIDENTIAL FOR ATTORNEYS' EYES ONLY shall certify in writing such retention to counsel for the producing party.

14. This Agreed Protective and Confidentiality Order may be amended without leave of Court by the agreement of the undersigned counsel in the form of a stipulation that shall be filed with the Court. This Agreed Protective and Confidentiality Order shall remain in force and effect during the entirety of this action and until this action is Finally Resolved and, thereafter for a period of five (5) years, until or unless modified, superseded or terminated on the record by the agreement of the parties hereto or by order of the Court.

15. A violation of this Order may be punished by appropriate Order of the Court.

Done this 31st day of January, 2007.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE