## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| IKON OFFICE SOLUTIONS, INC., | * | |
| | * | |
| PLAINTIFF, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. 2:05CV959-WKW |
| | * | |
| MARTHA SOUTHERLAND and | * | |
| ABS BUSINESS SYSTEMS, INC., | * | |
| | * | |
| DEFENDANTS. | * | |

### MOTION OF PLAINTIFF IKON OFFICE SOLUTIONS, INC. TO COMPEL DEFENDANT MARTHA SOUTHERLAND TO PROVIDE HANDWRITING EXEMPLAR

Plaintiff, IKON Office Solutions, Inc. ("Plaintiff" or "IKON"), by and through its undersigned counsel, Duane Morris LLP, hereby files this Motion to Compel Defendant Martha Southerland ("Southerland") to Provide Handwriting Exemplar - - a necessary step in the ability of Plaintiff's handwriting expert to fully complete his examination of certain questioned documents.

A key allegation in this case is that Defendants, utilizing an obvious form of "improper means" constituting acts of unfair competition with IKON, have made false, misleading, or disparaging representations to one or more IKON customers, including Southerland's having made false representations that IKON had forged the customer representative's signatures on leases and/or forged the terms of IKON's agreement with an IKON customer (identified herein for confidentiality and privacy purposes by its initials of "HC"). During her deposition, Southerland admitted that, as the former IKON sales representative for the HC account, she was the person responsible for securing the customer's signature on the agreement. Based on this admission, and based on a plain review of the signature at issue, IKON believes that, if any

DM1\752993.1

person <u>other</u> than the customer signed the agreement, it was Southerland who did so or otherwise allowed the submission of an unauthorized lease signature in an *ultra vires* act - - and that Southerland failed to inform the customer(s) to whom she made or implied the false statement (that IKON had forged the customer's signature on the leases/contracts at issue). Accordingly, IKON engaged the services of an expert, Richard A. Roper, PhD, to perform a handwriting analysis.

On February 13, 2007, Dr. Roper issued his report, a copy of which is attached, without exhibits, as Exhibit "A." As Dr. Roper explained in his report,

> Comparisons of the questioned signatures to the known Martha <u>Southerland signatures were inconclusive due to the limited comparability of the *Martha Southerland* name</u> to the [customer representative's name omitted for confidentiality]. However, there were <u>certain prominent handwriting features seen in common between the two sets of writings</u>, such as the letter *S* in IKON00640 and 00643/44, as well as the *an* letter combination in 00639, 00640, and 00643/44 which preclude elimination of Martha Southerland writer as possible writer . . .
>
> <u>In order to render a final opinion, additional known writings of Martha Southerland should be submitted</u> . . . These writings should include numerous handwritten repetitions of the [customer representative's name omitted for confidentiality] name and some normal course of business cursive handwritings of Martha Southerland. In speciment (dictated) handwriting, 15 to 20 repetitions are commonly requested in order to obtain a reasonable sample of the writer's range of variation.

Roper Report, Exhibit A, at p.3 (emphasis added). Both Dr. Roper and the Alabama Supreme Court recognize the importance of securing further handwriting exemplar to confirm disputed writings. See <u>Premiere Automotive Group, Inc. v. Car. A. Welch AmSouth Bank</u>, 794 So.2d 1078 (Ala. 2001) (recognizing the utility of expert testimony concerning handwriting) (remanding the case for limited discovery, including execution of handwriting examplar).

On February 14, 2007, upon submission of Dr. Roper's Report to Defendants' counsel, Plaintiff's counsel inquired whether Southerland would submit to the additional handwriting

DM1\752993.1                                2

examplar required for Dr. Roper's analysis without the necessity of IKON's having to file the instant Motion to Compel. On February 16, 2007, Defendants' counsel refused to provide such an exemplar.

For the foregoing reasons, Plaintiff respectfully requests that the Court order Martha Southerland to provide the necessary handwriting exemplars, including 15-20 specimen handwritten repetitions of the customer representative's name and 15-20 normal course of business cursive handwritings of Martha Southerland (as identified in Dr. Roper's report), in person before Dr. Roper and/or Plaintiff's counsel on February 21, 22, or 23, 2007 at a mutually agreeable time and location.

Respectfully submitted,

/s/ Thomas T. Loder _____
Thomas T. Loder
Shannon Hampton Sutherland
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Phone: (215) 979-1246/1104
Fax: (215) 979-1020
ttloder@duanemorris.com
shsutherland@duanemorris.com
*Admitted pro hac vice*

Lee H. Zell
BALCH & BINGHAM LLP
1710 6th Avenue North
Birmingham, AL 35203
Phone: (205) 251-8100
Fax: (205) 226-8798
lzell@balch.com

*Attorneys for Plaintiff
IKON Office Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I, Thomas T. Loder, Esquire, hereby certify that a true and correct copy of the foregoing Motion of Plaintiff IKON Office Solution, Inc. to Compel Handwriting Exemplar has been served this 20th day of February, 2007, upon counsel of record via ECF as follows:

>Roderick K. Nelson
>Jarrod B. Bazemore
>Leslie M. Hand
>Steve R. Burford
>Spain & Gillon, LLC
>2117 2nd Avenue North
>Birmingham, AL  35203

/s/ Thomas T. Loder _____
Thomas T. Loder

DM1\752993.1