IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IKON OFFICE SOLUTIONS, INC. | * | |
| | * | |
|    PLAINTIFF, | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. 2:05CV959–D |
| | * | |
| MARTHA SOUTHERLAND AND | * | |
| ABS BUSINESS SYSTEMS, INC. | * | |
| | * | |
|    DEFENDANTS. | * | |

**OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
MARTHA SOUTHERLAND TO PROVIDE HANDWRITING EXEMPLAR**

COME NOW the defendants, Martha Southerland and ABS Business Systems, Inc. ("ABS"), and hereby oppose the Plaintiff's Motion to Compel Defendant Martha Southerland to Provide Handwriting Exemplar ("Motion to Compel") on the following grounds:

    1.    Within days of the discovery cutoff in this case, plaintiff has submitted an "inconclusive" report of a purported handwriting expert, Richard A. Roper, and has now moved to compel Martha Southerland to provide handwriting exemplars in order for the plaintiff's expert to support his preliminary conclusions.  As shown below, the entire subject of this proffered expert's opinions are on collateral matters and should be stricken in order to avoid putting the defendants through unnecessary costs and expense.  Moreover, the forgery issue addressed by this expert was known to IKON before this litigation was ever filed.  For IKON to now attempt to "sandbag" the defendant through seeking an exemplar late in the litigation and never producing the original contract at issue will make it virtually

impossible for the defendant to obtain rebuttal evidence within the time allowed by this Court's Scheduling Order.[1]

2.     The entire area of Roper's proffered testimony is on a collateral issue and completely irrelevant to the issues. In this case, IKON claims that Southerland breached the terms of her employment agreement by soliciting IKON customers and directly competing with IKON as a sales representative for defendant, ABS Business Systems, Inc. ("ABS"). There is no evidence that Huntington College has ever canceled or voided an IKON contract due to an alleged forgery. Moreover, the double hearsay source of IKON's information with respect to the alleged forgery was "Johnny" at Long Run Press which is still an IKON customer. Thus, whether a signature on a Huntington College contract was forged, executed by someone with permission or who may have forged any signature to a Huntington College contract is completely irrelevant to the claims in this case.

3.     Even were this Court to allow such evidence, IKON's Motion to Compel is due to be denied because of IKON's decision to delay the disclosure of Roper's "inconclusive" opinions until the last possible minute and then seek evidence to support such opinions would be exceptionally prejudicial to the Defendants. On February 14, 2007, IKON provided the defendants with the expert report of Richard Roper (Ex. A to Motion to Compel). Roper purports to be a handwriting expert and is attempting to offer two opinions:

a) That an IKON contract with Huntington College contained a forged signature of a Huntington College official; and

---

[1] On March 16, 2006, Southerland served IKON with Requests for Production of Documents which would have included production of the <u>original</u> of the disputed contract (First Request for Production of documents to Plaintiff, No.s 6, 7 and 9).

b) That Southerland might be the alleged forger. However, Roper conceded that his opinion in that regard was "inconclusive" because he requires exemplars of Southerland's handwriting and that his opinions are not final because he has not reviewed the original documents. Although IKON knew of the alleged forgery before it filed this action on October 6, 2005, it chose to wait until after disclosing Roper's "inconclusive" report to seek handwriting exemplars.

4. The Court should note that Roper never examined the original Huntington College contract but only "machine copies" which he states he needs to review in order to render a "final opinion." Likewise, the Defendants have never been provided with the original contracts which were allegedly forged.[2] Moreover, Roper has not examined exemplars of any other person to determine or rule out other possible sources of the alleged forged signature. Fundamentally, no one at IKON and certainly not Roper has ever contacted the Huntington College official whose signature was purportedly forged to determine whether the signature is genuine or was executed with permission.

5. Walter Jesperson, the IKON sales manager for Montgomery and Birmingham, was deposed on February 21, 2007, and testified that IKON learned of the alleged forgery from a person named "Johnny" who worked for another IKON customer, Long Run Press. According to Jesperson, he was present when "Johnny" stated that Southerland had told "Johnny" that an IKON contract with Huntington College had been forged. Despite the gravity of such an allegation, no one at IKON apparently bothered to

---

[2] Defendants were provided copies Huntington College contracts and documents but IKON never identified any alleged forgery until production of Roper's report. The Huntington documents produced by IKON contained a number of agreements with differing signatures including two different Maintenance Service Agreements, a Lease Agreement, 14 different Packing List receipts signed or initialed by four (4) different Huntington College representatives and 10 different Shipping Notifications.

contact Huntington College to determine whether there was any problem with their contract with IKON.[3] In fact, Jesperson never even looked at the Huntington College contracts but apparently reported the alleged forgery as fact to IKON's human resources representative. Thus, IKON knew of the alleged forgery BEFORE filing this lawsuit and has had exclusive possession of the original contract.[4]

6. Instead of seeking such exemplars from the beginning of this litigation, IKON chose to "sandbag" the Defendants by withholding Roper's report until February 14, 2007, never making the original contract available to the defendants and failing to specify which contract or signature was supposedly forged until the production of Roper's report. The effect of IKON's actions is extremely prejudicial to the Defendants in that it provides insufficient time for Defendants to gather rebuttal evidence. For example, IKON provided Defendants and Roper with "machine copies" of the original documents. However, for a proper analysis examination of the originals would be required for such things as ink comparison, pen stops and lifts, erasures, evaluating pen speed, fractured edge comparison and determining any additions or obliterations which would not be detectable on photocopies. In addition, if the Court allows such evidence on a collateral matter, Defendants should be allowed a reasonable time to depose the Huntington Official at issue, "Johnny" at Long Run Press and obtain handwriting exemplars and deposition testimony from those at IKON and Huntington College who had access to the disputed

---

[3] Martha Southerland testified that Charles Stanton at Huntington College told her that his signature had been forged on an IKON contract but she denied having told anyone else.

[4] Jesperson testified that the original contract would have been retained by IKON at its Birmingham, Alabama office. Jesperson also confirmed that Huntington College had never disputed the validity of any contract with IKON.

contract.[5]  Absent the opportunity to develop such evidence, Defendants would be exceptionally prejudiced by being denied a reasonable opportunity to develop rebuttal evidence.

Respectfully submitted,

**SPAIN & GILLON, LLC**

/s/  *Steve R. Burford*
Leslie M. Hand
Roderick K. Nelson
Steve R. Burford
Jarrod B. Bazemore
Attorneys for Defendants

**Of Counsel:**
**SPAIN & GILLON, L.L.C.**
The Zinszer Building
2117 2nd Avenue North
Birmingham, AL 35203
Tel:  205-581-6240
Fax: 205-324-8866

---

[5] Roper has limited his examination and search for evidence to only Southerland and has done nothing to rule in or out others who had access to the disputed contract.

**CERTIFICATE OF SERVICE**

     I hereby certify that on **February 22, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas Theodore Loder  
ttloder@duanemorris.com

Lee H. Zell  
lzell@balch.com jmiller@balch.com

Shannon D. Hampton Sutherland  
shsutherland@duanemorris.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non–CM/ECF participants:

     [no manual recipients]

     Respectfully submitted,

     /s/ *Steve R. Burford*

     Steve R. Burford  
     **SPAIN & GILLON, L.L.C.**  
     The Zinszer Building  
     2117 Second Avenue North  
     Birmingham, Alabama 35203  
     Ph:   (205) 328–4100  
     Fax:  (205) 324–8866  
     email: srb@spain-gillon.com  
     (ASB 6886–B40S)